■ CHARLES T. SEVERINO et al., Appellants, v HOHL INDUSTRIAL SERVICES, INC., Respondent. [752 NYS2d 776] —Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered June 26, 2001, which granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the common-law negligence cause of action and as modified the order is affirmed without costs.

Memorandum: Charles T. Severino (plaintiff), an employee of General Motors (GM), was injured on June 6, 1997 when he allegedly tripped and fell over a piece of angle iron on the floor of the GM plant. At the time of plaintiff's accident, the GM plant was undergoing renovations, and defendant was engaged in the removal of certain heavy machinery pursuant to its contract with GM. After the removal of a piece of machinery from the plant, defendant would erect a protective railing made of angle iron around the drainage pit that had been used to collect fluids from that piece of machinery. Plaintiff's fall occurred near such a protective railing, but after defendant had completed its work in that area and after GM had reentered the area to use it for the storage of machine parts, equipment and supplies.

Plaintiffs appeal from an order of Supreme Court granting the motion of defendant for summary judgment dismissing the complaint, which asserts, inter alia, violations of Labor Law § 200 and common-law negligence. Contrary to plaintiffs' contention, the court properly granted that part of the motion

seeking dismissal of the Labor Law § 200 claim. Defendant exercised no control or supervision over either plaintiff's work or plaintiff's work site, and thus was not "responsible for providing plaintiff with a safe workplace" (*Greco v Archdiocese of N.Y.*, 268 AD2d 300, 301; *see Mills v Niagara Mohawk Power Corp.*, 262 AD2d 901, 901-902; *Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1036). The court erred, however, in granting that part of the motion seeking dismissal of the common-law negligence cause of action. Defendant failed to submit evidence sufficient to establish that its employees did not leave any angle iron on the floor in the area where plaintiff fell, thus requiring denial of summary judgment regardless of the sufficiency of the opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Bielak v Plainville Farms*, 299 AD2d 900). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Burns and Lawton, JJ.