# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**591**
**CA 13-02209**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

DAVID KRAJNIK, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FORBES HOMES, INC., DOING BUSINESS AS
FORBES CAPRETTO, DEFENDANT-RESPONDENT,
AND BURCHVILLE CONSTRUCTION, INC.,
DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (MELISSA A. FOTI OF COUNSEL),
FOR DEFENDANT-APPELLANT.

COLLINS & COLLINS, LLC, BUFFALO (CHARLES H. COBB OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

WEBSTER SZANYI LLP, BUFFALO (KEVIN T. O'BRIEN OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 27, 2013. The order, among other things, denied the motion of defendant Burchville Construction, Inc., for summary judgment, granted the cross motion of plaintiff for partial summary judgment on liability pursuant to Labor Law § 240 (1) and granted the motion of defendant Forbes Homes, Inc., doing business as Forbes Capretto, for conditional indemnification and contribution against Burchville Construction, Inc.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of plaintiff's cross motion against defendant Burchville Construction, Inc., granting in part the motion of defendant Burchville Construction, Inc. and dismissing the Labor Law cause of action against it, and denying that part of the motion of defendant Forbes Homes, Inc., doing business as Forbes Capretto, for summary judgment on its cross claim for indemnification and contribution against defendant Burchville Construction, Inc. and as modified the order is affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while working at premises owned by defendant Forbes Homes, Inc., doing business as Forbes Capretto (Forbes). Defendant Burchville Construction, Inc. (Burchville) contracted with Forbes to perform the framing work on a new home construction project undertaken by Forbes at the premises as general contractor. When the construction of the home was in the final stages, plaintiff's employer, the supplier of the window units in the home, sent him to the work site to conduct

a final operational inspection of all the windows. While in the attic checking a window installed on a vertical wall, plaintiff attempted to reach the window by using a makeshift ladder already in place and consisting of two boards, each two inches by four inches, nailed across the vertical framing members under the window. Plaintiff fell between the attic floor joists to the floor of the foyer below and sustained injuries.

Insofar as relevant to this appeal, Burchville moved for summary judgment dismissing the complaint and all cross claims against it, and plaintiff cross-moved for, inter alia, partial summary judgment on liability on the Labor Law § 240 (1) claim against Burchville. In addition, Forbes moved, inter alia, for summary judgment on its cross claim for conditional contractual and common-law indemnification or contribution against Burchville. Supreme Court, also as relevant on appeal, denied Burchville's motion, granted that part of plaintiff's cross motion with respect to Burchville, and granted that part of Forbes' motion with respect to Burchville.

We agree with Burchville that the court erred in granting that part of plaintiff's cross motion with respect to Burchville and in denying that part of its motion with respect to the Labor Law cause of action against it. We therefore modify the order accordingly. By the express terms of Labor Law §§ 240 (1) and 241 (6), the nondelegable duties imposed by those statutes apply only to "contractors and owners and their agents." Labor Law § 200 is a codification of "landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Here, in the absence of any evidence that Burchville exercised any authority or control over the work site or the injury-producing work, we conclude that Burchville was not a statutory agent of either an owner or general contractor (*see Brownell v Blue Seal Feeds*, *Inc.*, 89 AD3d 1425, 1427-1428).

We conclude, however, that the court properly denied that part of Burchville's motion with respect to the common-law negligence cause of action. Even assuming, arguendo, that Burchville met its initial burden with respect to that cause of action, we conclude that plaintiff raised an issue of fact whether Burchville's employees negligently installed the makeshift ladder. An award of summary judgment in favor of a subcontractor dismissing a negligence cause of action is improper where, as here, there is a triable issue of fact whether the subcontractor created an unreasonable risk of harm that was a proximate cause of the plaintiff's injuries (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d 519, 523, *lv dismissed* 16 NY3d 794). Thus, the court properly denied that part of Burchville's motion (*see Severino v Hohl Indus. Servs.*, 300 AD2d 1049, 1049; *see also Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1195-1196).

We further conclude that the court erred in granting that part of Forbes' motion seeking summary judgment on its cross claim for contractual and common-law indemnification or contribution against Burchville, and we therefore further modify the order accordingly. Contrary to Burchville's contention, however, the court properly denied that part of its motion for summary judgment dismissing that cross claim against it.

With respect to contractual indemnification, we note that the contract required Burchville to indemnify Forbes only if Burchville was negligent and, contrary to Burchville's contention, there are triable issues of fact with respect thereto (*see Walter v United Parcel Serv., Inc*., 56 AD3d 1187, 1188). With respect to common-law indemnification and/or contribution, we conclude that, although Burchville established as a matter of law that it did not supervise or direct the injury-producing work (*see McCarthy v Turner Constr., Inc*., 17 NY3d 369, 377-378), there are issues of fact whether Burchville was the party responsible for the allegedly negligent placement of the makeshift ladder. We thus conclude that summary judgment was not appropriate with respect to common-law indemnification or contribution (*see Carro v Lyons Falls Pulp & Paper, Inc.*, 56 AD3d 1276, 1277-1278).

Entered:  August 8, 2014                    Frances E. Cafarell
                                            Clerk of the Court