# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**244**
**CA 14-01125**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

JEFFERY BURNS, PLAINTIFF-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

LECESSE CONSTRUCTION SERVICES LLC, DUKES
PROPERTY DEVELOPMENT, LLC, THE MILLS HIGH
FALLS HOUSING DEVELOPMENT FUND COMPANY, INC.,
U.S. CEILING CORP., URBAN LEAGUE OF
ROCHESTER, NY, INC., DEFENDANTS-APPELLANTS,
AND PRO CARPET, INC., DEFENDANT.
-----------------------------------------------------
PRO CARPET, INC., THIRD-PARTY
PLAINTIFF-APPELLANT,

V

JEFFERY W. BURNS, DOING BUSINESS AS BURNS FLOORING,
THIRD-PARTY DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (PHILIP M. GULISANO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS LECESSE CONSTRUCTION SERVICES LLC,
THE MILLS HIGH FALLS HOUSING DEVELOPMENT FUND COMPANY, INC. AND URBAN
LEAGUE OF ROCHESTER, NY, INC.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (MATTHEW
A. LENHARD OF COUNSEL), FOR DEFENDANT-APPELLANT DUKES PROPERTY
DEVELOPMENT, LLC.

LIPPMAN O'CONNOR, BUFFALO (ROBERT H. FLYNN OF COUNSEL), FOR
DEFENDANT-APPELLANT U.S. CEILING CORP.

GOERGEN, MANSON & MCCARTHY, BUFFALO (KELLY J. PHILIPS OF COUNSEL),
FOR THIRD-PARTY PLAINTIFF-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (DANIEL P. DEBOLT OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

CELLINO & BARNES, P.C., ROCHESTER (K. JOHN WRIGHT OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeals from an order of the Supreme Court, Monroe County (J.
Scott Odorisi, J.), entered April 7, 2014. The order granted the
motion of Pro Carpet, Inc., for summary judgment dismissing the

amended complaint and cross claims against it, dismissed the third-party action of Pro Carpet, Inc., denied in part the motion and cross motions of the remaining defendants for summary judgment, and granted in part plaintiff's motion for partial summary judgment.

It is hereby ORDERED that said appeal by defendant Dukes Property Development, LLC from the order insofar as it denied that part of its motion with respect to the Labor Law § 241 (6) claim against it and granted that part of the motion of defendant-third-party plaintiff Pro Carpet, Inc. with respect to the Labor Law § 241 (6) claim against it, and appeal by defendant U.S. Ceiling Corp. from the order insofar as it denied that part of its cross motion with respect to the Labor Law § 241 (6) claim against it, and appeal by defendants Lecesse Construction Services LLC, The Mills High Falls Housing Development Fund Company, Inc., and Urban League of Rochester, NY, Inc. from the order insofar as it granted the motion of defendant-third-party plaintiff Pro Carpet, Inc., and insofar as it sua sponte dismissed the third-party complaint is dismissed without costs, and the order is modified on the law by granting in part the cross motion of defendants Lecesse Construction Services LLC, The Mills High Falls Housing Development Fund Company, Inc. and Urban League of Rochester, NY, Inc. with respect to the Labor Law § 241 (6) claim and dismissing that claim against them except to the extent that it is premised on violations of 12 NYCRR 23-1.7 (e) and 23-1.30; granting that part of the motion of defendant Dukes Property Development, LLC and that part of the cross motion of defendant U.S. Ceiling Corp. with respect to the Labor Law § 200 claim and dismissing that claim against them; denying plaintiff's motion in its entirety; and reinstating the third-party complaint of defendant-third-party plaintiff Pro Carpet, Inc., and granting that part of its motion seeking summary judgment on its claim for attorney's fees and costs against third-party defendant pursuant to the indemnification agreement, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries that he allegedly sustained when he fell down a stairway in an apartment complex then under construction.  The accident allegedly occurred when he tripped on a drywall screw that was protruding out of the top of the stairway. Defendant Lecesse Construction Services LLC (Lecesse) was the general contractor for the construction project, and defendants The Mills High Falls Housing Development Fund Company, Inc. (Mills) and Urban League of Rochester, NY, Inc. (Urban League), jointly owned the apartment complex.  Defendant Dukes Property Development, LLC (Dukes) was the finish carpentry subcontractor, defendant U.S. Ceiling Corp. (U.S. Ceiling) was the drywall and insulation contractor, and defendant-third-party plaintiff Pro Carpet, Inc. (Pro Carpet) was the flooring subcontractor.  Pro Carpet subcontracted a portion of its work to third-party defendant, Jeffrey W. Burns, doing business as Burns Flooring, and Pro Carpet commenced a third-party action against him seeking, inter alia, contractual indemnification pursuant to its "Hold Harmless, Indemnification and Insurance" agreement with third-party-defendant.

By the order in appeal No. 1, Supreme Court granted in its entirety Pro Carpet's motion seeking summary judgment dismissing the amended complaint and cross claims against it, and sua sponte dismissed the third-party complaint. The court denied the motion of Dukes, the cross motion of U.S. Ceiling and the cross motion of Lecesse, Mills and Urban League (collectively, Lecesse defendants) insofar as they each sought summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) claims against them. The court granted plaintiff's motion to the extent that it sought partial summary judgment determining that the accident was a substantial factor in causing his lumbar spine injuries, which required medical treatment that included surgery.

By the order in appeal No. 2, the court, inter alia, granted the motion of Dukes and the cross motion of U.S. Ceiling seeking, inter alia, leave to reargue their respective motion and cross motion insofar as they sought summary judgment dismissing the Labor Law § 241 (6) claim against them. Upon reargument, the court adhered to its original determination with respect to that claim.

As a preliminary matter, we dismiss the appeals of Dukes and U.S. Ceiling from the order in appeal No. 1 insofar as it denied those parts of their respective motion and cross motion with respect to the Labor Law § 241 (6) claim (see *Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985, 985). In addition, we dismiss the appeal of the Lecesse defendants from the order in appeal No. 2. The Lecesse defendants are not aggrieved by that order, and the contentions raised in their brief with respect to that order are in support of affirmance (see *Schramm v Cold Spring Harbor Lab*., 17 AD3d 661, 663). Pro Carpet's appeal from the order in appeal No. 2 is also dismissed inasmuch as Pro Carpet has not raised on appeal any issue with respect to that order and has thus abandoned its appeal from that order (see *Abasciano v Dandrea*, 83 AD3d 1542, 1545).

We conclude in appeal No. 2 that the court erred in adhering to its prior decision denying Dukes' motion and U.S. Ceiling's cross motion insofar as they sought summary judgment dismissing the Labor Law § 241 (6) claim against them. The nondelegable duty imposed by that statute extends only to "[general] 'contractors and owners and their agents' " (*Krajnik v Forbes Homes, Inc*., 120 AD3d 902, 904, quoting § 241 [6]; see *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318). As subcontractors, Dukes and U.S. Ceiling qualify as statutory agents only with regard to injuries "sustained in those areas and activities within the scope of the work delegated to [them]" (*Piazza v Frank L. Ciminelli Constr. Co., Inc*., 12 AD3d 1059, 1060). Dukes and U.S. Ceiling met their burden of establishing that they did not have control over plaintiff's work or the safety of the area involved in the incident, and plaintiff failed to raise a triable issue of fact (see *Rice v City of Cortland*, 262 AD2d 770, 771-772). We therefore reverse the order in appeal No. 2 insofar as appealed from by granting, upon reargument, the motion of Dukes and cross motion of U.S. Ceiling with respect to Labor Law § 241 (6).

In appeal No. 1, we conclude with respect to the Labor Law § 241

(6) claim that the court properly denied that part of the cross motion of the Lecesse defendants for summary judgment dismissing that claim against them to the extent that it is premised on the alleged violations of 12 NYCRR 23-1.7 (e) and 23-1.30. Those regulations are sufficiently specific to support the Labor Law § 241 (6) claim (*see Murphy v Columbia Univ.*, 4 AD3d 200, 202). " 'Moreover, both regulations are applicable to the facts of this case and arguably were violated by [the Lecesse] defendants, thus warranting a trial of [that] claim' " (*Mergenhagen v Dish Network Serv. L.L.C.*, 64 AD3d 1170, 1172). The court erred, however, in denying that part of the cross motion for summary judgment dismissing the remainder of Labor Law § 241 (6) claim against the Lecesse defendants. The Occupational Safety and Health Act regulations cited by plaintiff cannot support that claim (*see Millard v City of Ogdensburg*, 274 AD2d 953, 954), and plaintiff did not address any of the other violations of the Industrial Code that were alleged in his second amended bill of particulars in opposition to the cross motion (*see Vaneer v 993 Intervale Ave. Hous. Dev. Fund Corp.*, 5 AD3d 161, 163). We therefore modify the order in appeal No. 1 by granting that part of the cross motion of the Lecesse defendants for summary judgment dismissing the Labor Law § 241 (6) claim against them except to the extent that such claim is premised on the alleged violation of 12 NYCRR 23-1.7 (e) and 23-1.30.

The court also erred in denying the motion of Dukes and the cross motion of U.S. Ceiling insofar as they sought summary judgment dismissing the Labor Law § 200 claim against them. "Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *see Brownell v Blue Seal Feeds, Inc.*, 89 AD3d 1425, 1427). Dukes and U.S. Ceiling, as subcontractors without control of plaintiff's work or ongoing control of the area in which he was injured, cannot be held liable under Labor Law § 200 (*see Krajnik*, 120 AD3d at 904; *Foots v Consolidated Bldg. Contrs., Inc.*, 119 AD3d 1324, 1326-1327; *Severino v Hohl Indus. Servs.*, 300 AD2d 1049, 1049-1050). We therefore further modify the order in appeal No. 1 by granting that part of the motion of Dukes and the cross motion of U.S. Ceiling seeking summary judgment dismissing the Labor Law § 200 claim against them.

We further conclude, however, that the court properly denied the motion of Dukes and the cross motion of U.S. Ceiling with respect to the common-law negligence claims against them. Neither of those defendants met its burden of establishing its entitlement to judgment dismissing that claim. As subcontractors, either Dukes or U.S. Ceiling " 'may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area' " (*Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1195), and neither of them established that it did not create the dangerous condition that caused plaintiff's fall (*see Babiack v Ontario Exteriors, Inc.*, 106 AD3d 1448, 1450).

The court also properly denied the cross motion of the Lecesse defendants insofar as it sought dismissal of the Labor Law § 200 and common-law negligence claims against them.  Inasmuch as plaintiff alleges that the accident occurred as the result of a dangerous condition on the premises, any issue "whether [the Lecesse] defendants supervised or controlled plaintiff's work is irrelevant" (*Perry v City of Syracuse Indus. Dev. Agency*, 283 AD2d 1017, 1017).  Those "[d]efendants, as the parties seeking summary judgment dismissing those claims, were required to 'establish as a matter of law that they did not exercise any supervisory control over the general condition of the premises or that they neither created nor had actual or constructive notice of the dangerous condition on the premises' " (*Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1416).  We conclude that the Lecesse defendants failed to meet that burden.

We note that plaintiff did not appeal from that part of the order granting the motion of Pro Carpet for summary judgment dismissing the amended complaint against it.  The Lecesse defendants contend that the court erred in dismissing the amended complaint and cross claims against Pro Carpet, and Dukes contends on appeal that the court erred in dismissing the Labor Law § 241 (6) claim against Pro Carpet.  Inasmuch as the Lecesse defendants did not oppose Pro Carpet's motion, however, those defendants are not aggrieved by that part of the order (*see Mixon v TBV, Inc.*, 76 AD3d 144, 156-157), and Dukes is no longer aggrieved by that part of the order inasmuch as the Labor Law § 241 (6) claim against Dukes is dismissed by our order in appeal No. 2 (*see* CPLR 5511; *Walter J. Socha Bldrs. v Town of Clifton Park*, 101 AD2d 986, 986).  We therefore dismiss the appeals of those defendants from that part of the order granting Pro Carpet's motion.  We also dismiss the appeal of the Lecesse defendants from that part of the order sua sponte dismissing Pro Carpet's third-party complaint inasmuch as the Lecesse defendants were not aggrieved thereby (*see Goldman v Packaging Indus.*, 144 AD2d 533, 534).

We agree with Pro Carpet that the court erred in sua sponte dismissing its third-party complaint.  We note that Pro Carpet's claims against plaintiff should have been interposed as counterclaims rather than in a third-party action (*see* CPLR 1007), but we will disregard this nonprejudicial defect (*see Gunderman v Sure Connect Cable Installation, Inc.*, 101 AD3d 1214, 1216 n 2).  Contrary to the court's determination, we conclude that Pro Carpet's claim for attorney's fees and costs pursuant to its indemnification agreement with third-party defendant was not rendered moot by the dismissal of the complaint against it (*see Hoover v International Bus. Machs. Corp.*, 35 AD3d 371, 372).  We further conclude that Pro Carpet established that, pursuant to " 'the language and purposes of the entire agreement and the surrounding facts and circumstances' " (*Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777), it is entitled to recover its "legal fees" and "all costs of defending" this action.  We therefore further modify the order in appeal No. 1 accordingly.

Finally, we agree with the Lecesse defendants and Dukes that the court erred in granting that part of plaintiff's motion seeking

partial summary judgment determining that the accident "was a substantial factor in causing [his] lumbar spine injuries, necessity of lumbar fusion surgery and implantation and maintenance of a spinal cord stimulator."  Plaintiff failed to meet his burden of establishing as a matter of law that his injuries were caused by the accident (*see Doyle v Sithe/Independence Power Partners*, 296 AD2d 847, 847).  We therefore further modify the order in appeal No. 1 by denying plaintiff's motion in its entirety.

All concur except WHALEN, J., who dissents in part and votes to modify in accordance with the following memorandum:  I respectfully dissent in part in appeal No. 1.  Contrary to the view of the majority, in my view defendants Dukes Property Development, LLC (Dukes) and U.S. Ceiling Corp. (U.S. Ceiling) are subject to Labor Law § 200 liability.  With respect to construction work, Labor Law §§ 240 (1) and 241 (6) explicitly impose duties regarding worker safety upon "[a]ll contractors and owners and their agents."  The duties imposed by Labor Law § 200, by contrast, are directed not to specific persons or entities but rather to the workplace itself, i.e., "[a]ll places to which [the Labor Law] applies."  I agree with the majority that Dukes and U.S. Ceiling, as subcontractors, are not liable to plaintiff under Labor Law § 200 by virtue of their control of the injury-producing work (*see Foots v Consolidated Bldg. Contrs., Inc.*, 119 AD3d 1324, 1326-1327).  Here, however, "plaintiff's theory of liability is based on the allegedly defective condition of the premises rather than on the manner in which the work was performed," and Dukes and U.S. Ceiling are subject to Labor Law § 200 liability under that theory (*Verel v Ferguson Elec. Constr. Co., Inc.*, 41 AD3d 1154, 1156).  Because neither subcontractor met its burden of establishing that it did not create the dangerous condition at the worksite in violation of Labor Law § 200, I would affirm that part of the order denying the motion of Dukes and the cross motion of U.S. Ceiling insofar as they sought summary judgment dismissing the Labor Law § 200 claim against them (*see Andrade v Triborough Bridge & Tunnel Auth.*, 35 AD3d 256, 257).

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court