# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1336**
**CA 15-00881**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

LLOYD PICHE, PLAINTIFF-RESPONDENT,

                    V                          MEMORANDUM AND ORDER

SYNERGY TOOLING SYSTEMS, INC.,
DEFENDANT-RESPONDENT,
N. CHOOPS PAINTING AND DECORATING, INC.,
DEFENDANT-APPELLANT,
AND C.V.M. ELECTRIC, INC., DEFENDANT.
------------------------------------------
SYNERGY TOOLING SYSTEMS, INC., THIRD-PARTY
PLAINTIFF,

                    V

AMHERST ACOUSTICAL, INC., THIRD-PARTY
DEFENDANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AARON M. ADOFF OF COUNSEL),
FOR DEFENDANT-APPELLANT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM QUINLAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL P. SULLIVAN OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

        Appeal from an order of the Supreme Court, Erie County (Patrick
H. NeMoyer, J.), entered August 13, 2014.  The order, among other
things, denied the motion of defendant N. Choops Painting and
Decorating, Inc. for summary judgment dismissing plaintiff's further
amended complaint and any cross claims against it.

        It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting those parts of the motion
with respect to the Labor Law claims against defendant N. Choops
Painting and Decorating, Inc. in the further amended complaint and
dismissing those claims against it and as modified the order is
affirmed without costs in accordance with the following memorandum:
Plaintiff commenced this action seeking damages for injuries he
sustained when he fell while wearing stilts in order to install a
ceiling tile.  Plaintiff fell when he stepped on a piece of flexible
electrical wire conduit (conduit) that was on the floor.  It is
undisputed that there was a 1- to 1½-foot pile of conduit in the room

where plaintiff was working.  We note as a preliminary matter that plaintiff and defendant-third-party-plaintiff properly concede that N. Choops Painting and Decorating, Inc. (defendant) is not liable for the alleged violations of the Labor Law.  We therefore modify the order by granting those parts of defendant's motion for summary judgment dismissing the Labor Law claims against it.

We conclude, however, that Supreme Court properly determined that defendant failed to establish its entitlement to judgment dismissing the first cause of action, for common-law negligence.  Although defendant is correct that the record does not establish who placed the conduit on the floor in the room in which plaintiff was working, we note that a defendant " 'does not meet its burden by noting gaps in its opponent's proof' " (*New York Mun. Ins. Reciprocal v Casella Constr., Inc.*, 105 AD3d 1440, 1441).  It is well established that a subcontractor "may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control plaintiff's work or work area" (*Burns v Lecesse Constr. Servs. LLC*, 130 AD3d 1429, 1433-1434 [internal quotation marks omitted]; *see Babiack v Ontario Exteriors, Inc.*, 106 AD3d 1448, 1450; *cf. Barto v NS Partners, LLC*, 74 AD3d 1717, 1718-1719).  We conclude that defendant failed to establish that its employees did not place the conduit in the room, thereby creating the dangerous condition (*see Burns*, 130 AD3d at 1433-1434).  Indeed, defendant's submission of plaintiff's deposition testimony in support of its motion raised an issue of fact (*see Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1196; *see generally Hunt v Ciminelli-Cowper Co., Inc.*, 66 AD3d 1506, 1508).  Plaintiff testified therein that defendant's employees were painting outside the room where he was working, that the conduit had previously been located in that area, and that he had seen defendant's employees move the conduit the week before his accident in order to access the area they needed to paint.

Entered:  December 23, 2015                    Frances E. Cafarell
                                              Clerk of the Court