Stiegman v Barden & Robeson Corp. (2018 NY Slip Op 04865)





Stiegman v Barden & Robeson Corp.


2018 NY Slip Op 04865


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


520 CA 17-01805

[*1]GARY STIEGMAN, PLAINTIFF-RESPONDENT,
T
v
HE BARDEN & ROBESON CORPORATION, INDIVIDUALLY AND DOING BUSINESS AS BARDEN HOMES, B & H CARPENTRY, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. (APPEAL NO. 2.) 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (THOMAS P. CUNNINGHAM OF COUNSEL), FOR DEFENDANT-APPELLANT THE BARDEN & ROBESON CORPORATION, INDIVIDUALLY AND DOING BUSINESS AS BARDEN HOMES.
OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY P. DIPALMA OF COUNSEL), FOR DEFENDANT-APPELLANT B & H CARPENTRY.
BROWN CHIARI LLP, BUFFALO (BRIAN R. HOGAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered July 14, 2017. The order granted plaintiff's motion for leave to reargue and, upon reargument, adjudged that a question of fact exists for jury determination concerning whether the subject stairs were temporary or permanent. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of defendant B & H Carpentry's cross motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action against it and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the staircase leading to the basement of a home under construction collapsed, and his second amended complaint asserts causes of action for common-law negligence and the violation of Labor Law §§ 200, 240 (1), and 241 (6). The home under construction was owned by Scott and Debra Gribben (Gribbens). Plaintiff, a certified electrician, was employed by DJ Gerling Enterprises, Inc. Defendant The Barden & Robeson Corporation, individually and doing business as Barden Homes (Barden) was the self-proclaimed "project manager" and "supplier of material" for the home construction, while defendant B & H Carpentry (B & H) was retained to frame the house, which included the installation of the subject basement staircase.
Plaintiff moved for partial summary judgment on his Labor Law
§ 240 (1) cause of action, and B & H and Barden separately cross-moved for summary judgment dismissing the second amended complaint against them. In the order in appeal No. 1, Supreme Court denied plaintiff's motion, granted the cross motions with respect to the Labor Law §§ 240 (1) and 241 (6) causes of action, granted B & H's cross motion and denied Barden's cross motion with respect to the Labor Law § 200 cause of action, and denied both cross motions with respect to the common-law negligence cause of action. Notably, the court determined that defendants were entitled to summary judgment dismissing the section 240 (1) cause of action and the section 241 (6) cause of action insofar as it was based on alleged violations of 12 NYCRR 23-2.7 (b) and 23-1.11 because the subject staircase was a permanent structure, and thus was not a safety device (see § 240 [1]), or a temporary structure (see 12 NYCRR 23-1.11; 23-2.7 [b]). The court further [*2]determined that the sole remaining regulation that formed the basis of the section 241 (6) cause of action, 12 NYCRR 23-1.7 (b) (1), was not applicable because the staircase was not a hazardous opening.
In the order in appeal No. 2, the court granted plaintiff's motion for leave to reargue and, upon reargument, modified its prior order "to reflect that a question of fact exists for jury determination concerning whether the subject stairs were temporary or permanent." Thus, although not explicitly stated in the order, the court's determination on reargument has the effect of denying the cross motions of B & H and Barden with respect to the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action insofar as it is based on alleged violations of 12 NYCRR 23-2.7 (b) and 23-1.11, and reinstating those causes of action against B & H and Barden.
We note at the outset that plaintiff's appeal and B & H's and Barden's cross appeals from the order in appeal No. 1 must be dismissed (see Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]). We further note that B & H and Barden appeal from the order in appeal No. 2, but plaintiff did not file a notice of appeal with respect to that order.
In appeal No. 2, contrary to the contentions of B & H and Barden, we conclude that the court properly determined, upon reargument, that there is a triable question of fact whether the subject stairs were temporary or permanent. "A temporary staircase that is used for access to and from the upper levels of a house under construction is the functional equivalent of a ladder' and falls within the designation of other devices' within the meaning of Labor Law § 240 (1)" (Frank v Meadowlakes Dev. Corp., 256 AD2d 1141, 1142 [4th Dept 1998]). Nevertheless, "it has repeatedly been held that a stairway which is, or is intended to be, permanenteven one that has not yet been anchored or secured in its designated location . . . , or completely constructed . . . cannot be considered the functional equivalent of a ladder or other device as contemplated by section 240 (1)" (Williams v City of Albany, 245 AD2d 916, 917 [3d Dept 1997], appeal dismissed 91 NY2d 957 [1998] [internal quotation marks omitted]; see Sponholz v Benderson Prop. Dev., 266 AD2d 815, 815 [4th Dept 1999], appeal dismissed 94 NY2d 899 [2000]; Pennacchio v Tednick Corp., 200 AD2d 809, 810 [3d Dept 1994]). Although there is evidence in the record that the staircase was temporary because the Gribbens intended to replace it at some point in the future, there is a triable issue of fact whether the stairs were temporary or permanent inasmuch as the record also includes the original plans for the home along with the new home selection sheet, which provided that only the subject stairs, referred to as knock-down stairs, would be installed, and that the "[o]wner may purchase finished stairs later." Additionally, even assuming, arguendo, that plaintiff's contention is properly before us, we reject his contention that he established that the subject stairs were temporary for the same reasons.
Contrary to Barden's contention, it is not entitled to summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action against it inasmuch as there are triable issues of fact whether it had the authority to supervise or control the injury-producing work, and thus whether it may be liable as a general contractor or an agent of the owner pursuant to those statutes. " An entity is a contractor within the meaning of Labor Law § 240 (1) and § 241 (6) if it had the power to enforce safety standards and choose responsible subcontractors . . . , and an entity is a general contractor if, in addition thereto, it was responsible for coordinating and supervising the . . . project' " (Robinson v Spragues Wash. Sq., LLC, 158 AD3d 1318, 1319 [4th Dept 2018]). While a construction manager "is generally not considered a contractor' or owner' within the meaning of section 240 (1) or section 241" (Lodato v Greyhawk N. Am., LLC, 39 AD3d 491, 493 [2d Dept 2007]), a construction manager may nevertheless be "vicariously liable as an agent of the property owner . . . where the manager had the ability to control the activity which brought about the injury" (Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; see Bausenwein v Allison, 126 AD3d 1466, 1468 [4th Dept 2015]; Reed v NEA Residential, Inc., 64 AD3d 1148, 1149 [4th Dept 2009]). "The label given a defendant, whether construction manager' or general contractor,' is not determinative . . . [inasmuch as] the core inquiry is whether the defendant had the authority to supervise or control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition' " (Myles v Claxton, 115 AD3d 654, 655 [2d Dept 2014]). Similarly, even assuming, arguendo, that plaintiff's contention that he is entitled to summary judgment with respect to Barden's liability pursuant to Labor Law § 240 (1) is properly before us, we reject that contention inasmuch as he failed to establish as a matter of law that Barden was the general contractor or the agent of the Gribbens.
With respect to the Labor Law § 200 and common-law negligence causes of action against Barden, we conclude that, contrary to Barden's contention, "it failed to eliminate triable issues of fact whether it had control over the work site and [created or had] actual or constructive notice of the dangerous condition that allegedly caused plaintiff's injuries" (Robinson, 158 AD3d at 1320 [internal quotation marks omitted]; see Burns v Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1434 [4th Dept 2015]).
We agree with B & H that the court erred in denying that part of its cross motion with respect to the Labor Law §§ 240 (1) and 241 (6) causes of action, and we therefore modify the order in appeal No. 2 accordingly. B & H "established its entitlement to summary judgment on those [causes of action] by submitting evidence that it had completed its work and was not at the work site at the time of plaintiff's injury; and, that as a subcontractor, it did not have the authority to supervise or control the work that caused the plaintiff's injury' " (Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1326-1327 [4th Dept 2014]; see Burns, 130 AD3d at 1432). In opposition, plaintiff did "not raise an issue of fact whether [B & H] had the requisite authority to supervise or control the work site or the work that resulted in plaintiff's injuries" (Foots, 119 AD3d at 1327; see Burns, 130 AD3d at 1432). Even assuming, arguendo, that plaintiff's contention that the court erred in granting that part of B & H's cross motion with respect to the Labor Law § 200 cause of action is properly before us, we reject that contention. B & H, "as [a] subcontractor[] without control of plaintiff's work or ongoing control of the area in which he was injured, cannot be held liable under Labor Law § 200" (Burns, 130 AD3d at 1433; see Tomyuk v Junefield Assoc., 57 AD3d 518, 521 [2d Dept 2008]).
Contrary to B & H's contention, however, the court properly denied that part of its cross motion with respect to the common-law negligence cause of action. In contrast to liability imposed pursuant to Labor Law § 200, a subcontractor such as B & H "may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area" (Burns, 130 AD3d at 1433-1434 [internal quotation marks omitted]). Here, B & H failed to meet its burden of establishing as a matter of law that it did not create the condition that caused plaintiff's injury (see id. at 1434). B & H's contention that the entire staircase that it had installed was removed by an unknown entity after it departed from the work site and was then reinstalled by an unknown entity prior to the date of the accident is not properly before us because it was raised for the first time in its reply brief (see O'Sullivan v O'Sullivan, 206 AD2d 960, 960-961 [4th Dept 1994]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court