Rooney v D.P. Consulting Corp. (2022 NY Slip Op 02243)

Rooney v D.P. Consulting Corp.

2022 NY Slip Op 02243

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Scarpulla, Shulman, Pitt, JJ. 

Index No. 160208/13 Appeal No. 15647 Case No. 2021-00192 

[*1]Patrick Rooney, Plaintiff-Appellant-Respondent,
v
D.P. Consulting Corp. et al., Defendants-Respondents, Edge General Contracting, Inc., Defendant-Respondent-Appellant, 151 Hudson Street, LLC, Defendant.

Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant-respondent.
Ahmuty, Demers & McManus, Albertson (Glenn Kaminska of counsel), for respondent-appellant.
Segal McCambridge Singer & Mahoney, Ltd., New York (Carla Varriale-Barker of counsel), for D.P. Consulting Corp., respondent.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for SKIG, LLC, 151 Hudson Street Condominium and Andrews Building Corp., respondents.

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 15, 2020, which, to the extent appealed from, granted the motions of defendants D.P. Consulting Corp. (DP), Skig LLC, 151 Hudson Street Condominium, Andrews Building Corp., and Edge General Contracting, Inc. (Edge) for summary judgment dismissing the Labor Law § 240(1) claim and so much of the Labor Law § 241(6) claims as based on alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7(b)(1)(i), 23-1.15(a), and 23-1.18(c) as against them, and denied Edge's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and DP's common-law indemnification and contribution cross claims against it, unanimously modified, on the law, to deny defendants' motions for summary judgment dismissing the Labor Law § 240(1) claim and so much of the Labor Law § 241(6) claim as based on alleged violations of Industrial Code §§ 23-1.7(b)(1)(i) and 23-1.15(a) as against them, and otherwise affirmed, without costs.
Plaintiff and a coworker lowered a building's freight elevator into the basement to allow plaintiff to perform work on top of the elevator. Plaintiff testified that he spent about 40 minutes performing that work, which involved making changes to the elevator in order to prevent people from accessing a first-floor renovation site by means of the elevator's rear door. The elevator's front door opened onto an outdoor area. After performing this task, plaintiff claims that he tripped on a wooden ramp, which led from a loading dock to the elevator, and fell.
The court should not have found that plaintiff's work was routine maintenance not covered by Labor Law §§ 240(1) or § 241(6). While "liability under section 240(1) does not apply to routine maintenance in a non-construction, non-renovation context" (Spiteri v Chatwal Hotels, 247 AD2d 297, 298 [1st Dept 1998] [internal quotation marks omitted]), the evidence in this case established that plaintiff's elevator work, performed in the context of a renovation project, was covered by Labor Law §§ 240(1) and 241(6) (see Nagel v D & R Realty Corp., 99 NY2d 98, 103 [2002]). In order to prevent the elevator's rear door from providing access to the renovation site, plaintiff was required to remove an elevator door lock and call buttons and rewire the elevator. Another worker sealed the elevator door shut using sheetrock and other materials. Under these circumstances, plaintiff was engaged in altering the premises within the meaning of Labor Law § 240(1), since his work was intended to secure the premises in preparation for the renovation project (see Santiago v Rusciano & Son, Inc., 92 AD3d 585, 586 [1st Dept 2012]). Defendants failed to establish as a matter of law that plaintiff's alleged conduct, such as tripping and falling, or leaning against a wooden barricade, was the sole proximate cause of his accident, rather than comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Diming [*2]Wu v 34 17th St. Project LLC, 200 AD3d 508, 509 [1st Dept 2021]).
The Labor Law § 241(6) claim should be reinstated insofar as it is based on alleged violations of Industrial Code §§ 23-1.7(b)(1)(i) and 23-1.15(a), since there are issues of fact as to whether plaintiff's accident was proximately caused by the lack of a compliant "safety railing" guarding the "hazardous opening," and it is undisputed that the opening was not "guarded by a substantial cover fastened in place" (12 NYCRR § 23-1.7[b][1][i]). In contrast, defendants established that Industrial Code § 23-1.18(c)(1) is inapplicable to this case, since no "building or other structure" was "to be constructed or demolished."
There are issues of fact as to whether Edge is liable as a statutory agent under Labor Law §§ 200, 240(1), and 241(6) (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 434 [2015]; Demetrio v Clune Constr. Co., L.P., 176 AD3d 621, 623 [1st Dept 2019]). Although no documentary evidence of Edge's subcontract with DP was submitted, there is testimonial evidence that the subcontract made Edge responsible for performing all aspects of the sidewalk excavation, including safety procedures. Moreover, there are issues of fact as to whether Edge created or had notice of the defective condition that caused plaintiff to fall into the excavation hole (see McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015]). In light of the issues of fact as to Edge's negligence, the court properly declined to dismiss DP's common-law indemnification and contribution cross claims against Edge (see id. at 493).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022