Jr. v Shults Mgt. Group, Inc. (2024 NY Slip Op 06460)

Jr. v Shults Mgt. Group, Inc.

2024 NY Slip Op 06460

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, AND NOWAK, JJ.

809 CA 23-02065

[*1]FLOYD C. BACON, JR., AND SHELLY BACON, PLAINTIFFS-RESPONDENTS,
v
SHULTS MANAGEMENT GROUP, INC., SHULTS MANAGEMENT GROUP, INC., DOING BUSINESS AS ED SHULTS FORD LINCOLN, KESSEL CONSTRUCTION, INC., SHULTS REAL ESTATE, LLC, DEFENDANTS-RESPONDENTS, AHLSTROM-SCHAEFFER ELECTRIC CORPORATION, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

KENNEY SHELTON LIPTAK NOWAK, LLP, NEW YORK CITY (MARK A. COLLESANO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TOWEY LAW PLLC, BUFFALO (BRIAN K. TOWEY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 
GOLDBERG SEGALLA LLP, SYRACUSE (ERIN M. TYREMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT SHULTS REAL ESTATE, LLC.
LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (DESTIN C. SANTACROSE OF COUNSEL), FOR DEFENDANT-RESPONDENT KESSEL CONSTRUCTION, INC. 

 Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered November 16, 2023. The order denied the motion of defendant Ahlstrom-Schaeffer Electric Corporation for, inter alia, summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the motion of defendant Ahlstrom-Schaeffer Electric Corporation and dismissing the Labor Law §§ 200 and 241 (6) causes of action against it, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries Floyd C. Bacon, Jr. (plaintiff) sustained when he tripped and fell at a worksite. Defendant Ahlstrom-Schaeffer Electric Corporation (Ahlstrom) moved pursuant to CPLR 3212 for summary judgment dismissing the amended complaint and cross-claims against it and for sanctions pursuant to CPLR 3126 on the basis of spoliation of evidence. Ahlstrom now appeals from an order that denied its motion.
Plaintiff's accident occurred when he tripped on an electrician's pull string that had one end tied to a door handle at a construction site, with the other end left lying on the ground. The pull string had previously been used to hold the door open by having one end tied to the door handle and the other end tied to a post, but the door was closed at the time of plaintiff's accident. When plaintiff opened the door, the pull string cinched around one of his feet, causing him to fall. Ahlstrom was an electrical subcontractor on the construction project.
Contrary to Ahlstrom's contention, Supreme Court properly denied that part of its motion seeking dismissal of the common-law negligence cause of action against it. "It is well established that a subcontractor 'may be held liable for negligence where the work it performed [*2]created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control plaintiff's work or work area' " (Piche v Synergy Tooling Sys., Inc., 134 AD3d 1439, 1440 [4th Dept 2015]; see Stiegman v Barden & Robeson Corp. [appeal No. 2], 162 AD3d 1694, 1698 [4th Dept 2018]; Burns v Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1433-1434 [4th Dept 2015]). Here, Ahlstrom failed to meet its initial burden of establishing that it did not create the defective or dangerous condition (see Burns, 130 AD3d at 1433-1434; see also Jesmain v Time Cap Dev. Corp., 225 AD3d 1189, 1193 [4th Dept 2024]). "Although [Ahlstrom] is correct that the record does not establish who [placed the pull string on the door], we note that a defendant does not meet its burden by noting gaps in its opponent's proof" (Piche, 134 AD3d at 1440 [internal quotation marks omitted]). Inasmuch as Ahlstrom failed to meet its burden, we need not consider the adequacy of the submissions of plaintiffs or the other defendants opposing the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Clifton v Collins, 202 AD3d 1476, 1478 [4th Dept 2022]).
We agree with Ahlstrom that the court erred in denying that part of its motion seeking dismissal of the Labor Law §§ 200 and 241 (6) causes of action against it, and we therefore modify the order accordingly. Ahlstrom met its initial burden of establishing that it did not have any authority to supervise and control plaintiff's work or the safety of the area involved in the incident (see Stiegman, 162 AD3d at 1698; Burns, 130 AD3d at 1433). In opposition to the motion, plaintiffs and defendant Kessel Construction, Inc. (Kessel), the general contractor on the construction project, failed to raise a triable issue of fact. With respect to plaintiffs, they abandoned those causes of action against Ahlstrom by not opposing the dismissal of those causes of action and not addressing those causes of action on appeal (see Allington v Templeton Found., 167 AD3d 1437, 1439 [4th Dept 2018]). With respect to Kessel, its contention regarding the Labor Law § 241 (6) cause of action is raised for the first time on appeal and therefore is not properly before us (see Kuligowski v One Niagara, LLC, 177 AD3d 1266, 1268 [4th Dept 2019]; Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 927 [2d Dept 2017]). Kessel further contends that the Labor Law § 200 cause of action should not be dismissed against Ahlstrom because Ahlstrom failed to establish that it did not create the dangerous condition; however, that contention lacks merit. "Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317 [1981]; Landahl v City of Buffalo, 103 AD3d 1129, 1131 [4th Dept 2013]). A subcontractor "without control of plaintiff's work or ongoing control of the area in which he was injured . . . cannot be held liable under Labor Law § 200" (Burns, 130 AD3d at 1433; see Eberhardt v G & J Contr., Inc., 188 AD3d 1654, 1654 [4th Dept 2020]; see also Russin, 54 NY2d at 316-317).
Contrary to Ahlstrom's further contention, the court did not err in denying that part of its motion seeking dismissal of the common-law and contractual indemnification cross-claims against it inasmuch as there is an issue of fact whether Ahlstrom created the defective condition and was therefore negligent (see Lostracco v Lewiston-Porter Cent. Sch. Dist., 224 AD3d 1248, 1248-1249 [4th Dept 2024]; McKinney v Empire State Dev. Corp., 217 AD3d 574, 576 [1st Dept 2023]; Rooney v D.P. Consulting Corp., 204 AD3d 428, 429 [1st Dept 2022]).
Finally, we reject Ahlstrom's contention that the court erred in denying that part of its motion seeking sanctions for spoliation of evidence. After the accident, Kessel's site foreman took the pull string off the door handle and discarded it. In its motion, Ahlstrom sought dismissal of the amended complaint and cross-claims against it or, alternatively, an order of preclusion. In order to obtain sanctions for spoliation of evidence, Ahlstrom had the burden of showing "that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015] [internal quotation marks omitted]; see Storm v Kaleida Health, 229 AD3d 1239, 1240 [4th Dept 2024]).
Sanctions were not warranted against plaintiffs inasmuch as they did not destroy the evidence. Within minutes of his fall, plaintiff was on the way to the hospital and had no involvement in the disposal of the pull string (see Bigelow v Dick's Sporting Goods, 1 AD3d 777, 777-778 [3d Dept 2003]). With respect to sanctions against Kessel, we conclude that [*3]Ahlstrom did not meet its burden of establishing that Kessel destroyed the pull string with a culpable state of mind or with the intention of frustrating discovery, and thus the imposition of a sanction against Kessel for spoliation of evidence was not warranted (see State of New York v Sugar Cr. Stores, Inc., 180 AD3d 1336, 1336 [4th Dept 2020]; Estate of Smalley v Harley-Davidson Motor Co. Group LLC, 170 AD3d 1549, 1550 [4th Dept 2019]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court