GREGORY M. WALSH et al., Respondents-Appellants, v SWEET ASSOCIATES, INC., Appellant-Respondent.

Third Department, December 5, 1991

APPEARANCES OF COUNSEL

*LaFave & Tailleur (Cynthia S. LaFave* of counsel), for appellant-respondent.

*Roche, Corrigan, McCoy & Bush (Robert P. Roche* of counsel), for respondents-appellants.

**OPINION OF THE COURT**

HARVEY, J.

In April 1987, defendant contracted with the State to perform construction work in the State Education Building in the City of Albany. Defendant was the prime contractor for general construction and one of its duties was to remove and replace the building's roof and skylights. To gain access to the roof, defendant constructed a tubular steel tower to be used to hoist materials to and from the roof. On November 13, 1987, plaintiff Gregory M. Walsh (hereinafter plaintiff), an electrician employed by Schenectady Hardware & Electric, was running conduit through an attic area in the building. Plaintiff was working in an area of the attic that could be reached by the stairs. That day plaintiff remained in the fifth-floor exhibit area while his co-workers walked up the stairs to the attic space, at which time plaintiff used defendant's tower to hoist the conduit up to the attic and then climbed the tower to gain access to the attic. At one point, while climbing down defendant's tower, plaintiff fell to the fifth floor 30 feet below and broke his back.

Thereafter, plaintiff and his wife commenced this action against defendant alleging various violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue, defendant moved for summary judgment dismissing the complaint, arguing that it could not be liable under the Labor Law because it exercised no authority or control over plaintiff or his employer. Plaintiffs cross-moved for summary judgment.

Finding questions of fact, Supreme Court denied both motions. Defendant now appeals and plaintiffs cross-appeal.

■ In our view, Supreme Court incorrectly failed to grant defendant's motion for summary judgment. There is no question that Labor Law § 200 codified the common-law duty imposed upon an owner or general contractor to provide a safe place for their employees to work *(see, Russin v Picciano & Son,* 54 NY2d 311, 316-317). However, "[a]n implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to *control* the activity bringing about the injury to enable it to avoid or correct an unsafe condition" *(supra,* at 317 [emphasis supplied]). Notably, while under Labor Law §§ 240 and 241 owners and general contractors are generally absolutely liable for statutory violations *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290), other parties may be liable under those statutes only if they are acting as the "agents" of the owner or general contractor by virtue of the fact that they had been given the authority to supervise and *control* the work being performed at the time of the injury *(Russin v Picciano & Son, supra,* at 318).

The owner or general contractor is not synonymous with the prime contractor or subcontractor. Generally speaking, the prime contractor for general construction (especially in State construction projects) has no authority over the other prime contractors *(see, Nowak v Smith & Mahoney,* 110 AD2d 288) unless the prime contractor is delegated work in such a manner that it stands in the shoes of the owner or general contractor with the authority to supervise and control the work *(see, Russin v Picciano & Son, supra,* at 318). Here, the evidence presented in the record indicates that defendant was a prime contractor for general construction and that plaintiff's employer was a prime contractor for electrical work. Defendant had no authority of any kind over the other prime contractors or their employees. The unrebutted evidence submitted by defendant established that defendant had no control over the work being done by plaintiff. Further, there is no evidence that defendant had the authority to coordinate and control the activities of the other contractors. In fact, the contract between defendant and the State clearly established that all coordination of job activities was to be made by the Director, a representative of the State.

■ We reject plaintiff's contention that the fact that defen-

dant controlled its own tower meant that it also controlled the worksite itself. As stated earlier, a subcontractor or prime contractor is an agent of the owner or general contractor for the purposes of the Labor Law only when it is delegated work in such a manner that it stands in the shoes of those entities with the authority to supervise and control that work *(see, Russin v Picciano & Son, supra,* at 318). A key criterion to this delegation is the authority to insist that proper safety practices are followed and the right to control work in light of such authority *(see, Nowak v Smith & Mahoney, supra,* at 290). Accordingly, the control necessary to make such an entity an agent is the control of the work being done, not control over their own equipment *(see, Bjelicic v Lynned Realty Corp.,* 152 AD2d 151, 153-154, *appeal dismissed* 75 NY2d 947; *Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412). The fact that a subcontractor or prime contractor has furnished a tower, scaffold, ladder or some other similar structure does not automatically give it the authority to control the worksite *(see, e.g., Lachajczyk v Schriber,* 155 AD2d 874; *Magrath v Migliore Constr. Co.,* 139 AD2d 893).

Plaintiff's remaining arguments have also been examined and have been found to be unavailing. The evidence on the record does not support plaintiff's contention that defendant granted plaintiff permission to use the tower. Defendant's employees stated that no other companies or their employees were given permission to use the tower and a memorandum from defendant confirms this policy. While plaintiff and his coemployees responded in opposition that their own employer told them that they could use defendant's tower and defendant's employees allegedly saw them do so, it is nowhere alleged that *defendant* gave plaintiff's employer permission for them to do so.

MAHONEY, P. J., CASEY, LEVINE and MERCURE, JJ., concur.

Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.