■ BRUCE RELYEA, JR., Respondent, v RONALD BUSHNECK, Appellant. (And a Third-Party Action.) [617 NYS2d 558] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ingraham, J.), entered August 6, 1993 in Chenango County, which, *inter alia,* upon renewal, adhered to its prior decision partially denying defendant's motion for summary judgment dismissing the complaint.

While installing siding, in the course of his employment on a single-family dwelling that was being constructed for defendant's father, Frank Bushneck (hereinafter Bushneck), plaintiff fell from a scaffold and was injured, prompting this action against Bushneck and defendant. Both Bushneck and defendant moved for summary judgment dismissing the complaint, which alleged violations of Labor Law §§ 200, 240 (1); § 241 (6) and common-law negligence. Although Supreme Court granted the relief requested by Bushneck, who, as the owner of a

single-family dwelling, was not found to have exercised the level of direction and control prerequisite to the imposition of liability under Labor Law § 240 (1) and § 241 (6) *(see, e.g., Valentia v Giusto,* 182 AD2d 987, 989), defendant won summary dismissal only with regard to the Labor Law § 200 and common-law negligence claims. After further discovery was had, defendant moved for, and was granted, renewal. Upon renewal, Supreme Court, finding triable questions of fact, again denied defendant summary judgment as to the causes of action arising from Labor Law § 240 (1) and § 241 (6). Defendant appeals.

The evidence, viewed in the light most favorable to plaintiff, establishes that defendant, who is an owner and operator of the family concrete business, signed the building permit as "contractor", certifying that the plans and specifications were in compliance with the applicable codes; poured the foundation, set the steel beams, and installed the electrical wiring for the house; hired several of the subcontractors; was at the building site every day overseeing the construction process; and had the authority to "sign anything" on behalf of his father. This evidence, notably defendant's characterization of himself as "contractor" on the building permit application and, more importantly, his actions in recommending or hiring subcontractors and overseeing their work, is sufficient to raise a question as to whether he was "responsible for co-ordinating and supervising the entire construction project" *(Kenny v Fuller Co.,* 87 AD2d 183, 189, *lv denied* 58 NY2d 603), and invested with concomitant power to "enforce safety standards and to choose responsible contractors" *(Clute v Ellis Hosp.,* 184 AD2d 942, 944; *see, Nowak v Smith & Mahoney,* 110 AD2d 288, 290), and therefore liable under Labor Law § 240 (1) and § 241 (6) as a general contractor *(see, Dennis v Beltrone Constr. Co.,* 195 AD2d 688, 689; *Walsh v Sweet Assocs.,* 172 AD2d 111, 113, *lv denied* 79 NY2d 755).

Defendant argues that while he did perform some work on various aspects of the project, he was simply one of several "prime contractors", with no right or ability to exert control over the practices of the other subcontractors or their employees and, consequently, he was not liable for plaintiff's injuries *(see, Russin v Picciano & Son,* 54 NY2d 311, 318; *Kopacz v Airco Carbon, Div. of Airco,* 104 AD2d 722, 723). Fairly read, however, the record supports an inference that defendant had been given broad authority to hire subcontractors, and that he had the power to insist that they complied with safety stan-

dards, or to terminate their participation in the project if they did not.

Moreover, by performing a significant portion of the work himself, supplying materials and equipment, monitoring the performance of the other workers, and suggesting changes in both design and execution, defendant arguably exercised sufficient direction and control to become liable, even under a standard similar to that applied to owners of one and two-family dwellings *(see, Valentia v Giusto,* 182 AD2d 987, 989, *supra; compare, Emmi v Emmi,* 186 AD2d 1025; *Ennis v Hayes,* 152 AD2d 914, 915; *Rimoldi v Schanzer,* 147 AD2d 541, 545-546, *with Sanna v Potter,* 179 AD2d 982, 983, *lv denied* 80 NY2d 758; *Danish v Kennedy,* 168 AD2d 768, 769).

Mikoll, J. P., Mercure and Peters, JJ., concur. Ordered that the order is affirmed, with costs.