■ Gerald Greenleaf et al., Plaintiffs, v Bristol-Myers Squibb Company, Defendant and Third-Party Plaintiff-

Respondent. Ridley Electric Company, Inc., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [648 NYS2d 407] —Order insofar as appealed from unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court improperly granted the motion of third-party plaintiff, Bristol-Myers Squibb Company (Bristol-Myers), insofar as it sought conditional summary judgment for contractual and common-law indemnification against third-party defendant, Ridley Electric Company (Ridley). The indemnification provision in the parties' contract requires Ridley to indemnify Bristol-Myers against actions for personal injuries "occurring, growing out of, incident to, or resulting directly or indirectly from the performance by [Ridley]" of the contract. An issue of fact exists whether the injury to Gerald Greenleaf (plaintiff) was the result of Ridley's performance (*see, Groves v Land's End Hous. Co.,* 196 AD2d 406, 408; *see also, Malecki v Wal-Mart Stores,* 222 AD2d 1010; *Baskewicz v Rochester Gas & Elec. Corp.,* 217 AD2d 922). Thus, Bristol-Myers is not entitled to conditional summary judgment for contractual indemnification against Ridley.

Further, there is no evidence that Ridley, the prime electrical contractor, exercised any supervision, direction or control over plaintiff, the employee of another prime contractor (*see, Walsh v Sweet Assocs.,* 172 AD2d 111, 113, *lv denied* 79 NY2d 755). Absent such evidence or proof of negligence on the part of Ridley, Bristol-Myers is not entitled to conditional summary judgment for common-law indemnification against Ridley (*see, LaCroix v Migliore Constr. Co.,* 142 AD2d 980, 981). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.— Indemnification.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.