■ GEOFFREY L. GRIMES, Respondent-Appellant, v PYRAMID COMPANIES OF ONONDAGA, Respondent-Appellant, and NEW RIC CONSTRUCTION CO., INC., Appellant-Respondent and Third-Party Plaintiff-Appellant-Respondent. FRANK L. CIMINELLI CONSTRUCTION CO., INC., Third-Party Defendant-Respondent-Appellant. [655 NYS2d 206] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a carpenter, sustained injuries when he fell from structural scaffolding during construction of the Carousel Center Mall in Syracuse. Plaintiff commenced this action against the Pyramid Companies of Onondaga (Pyramid), the owner and general contractor, and New Ric Construction Co., Inc. (New Ric), a prime contractor, alleging causes of action for common-law negligence and violation of Labor Law §§ 200, 240 (1) and § 241 (6). New Ric commenced a third-party action against plaintiff's employer, Frank L. Ciminelli Construction Co., Inc. (Ciminelli), another prime contractor, for common-law indemnification and contribution, and Pyramid asserted cross claims against New Ric for common-law indemnification and against Ciminelli for common-law and contractual indemnification.

Supreme Court granted plaintiff's motion for summary judgment on the Labor Law § 240 cause of action with respect to Pyramid but denied it with respect to New Ric. The court granted the cross motion of Pyramid for summary judgment dismissing the Labor Law § 200 cause of action against it and for summary judgment on its cross claim for contractual indemnification, and the court awarded Pyramid reasonable attorney's fees "from the time Pyramid tendered its defense". The court denied the cross motion of New Ric insofar as it sought summary judgment dismissing the complaint against it and denied as premature the alternative request of New Ric for summary judgment on its cause of action for common-law indemnification from Ciminelli.

We agree with New Ric that the court should have dismissed the complaint against it. New Ric is not liable under Labor Law § 240 (1) and § 241 (6) because it was not an owner or gen-

eral contractor, nor had it been delegated the authority to supervise or control plaintiff's work (*see, Russin v Picciano & Son*, 54 NY2d 311, 317-318; *Long v Danforth Co.*, 236 AD2d 781; *Wright v Nichter Constr. Co.*, 213 AD2d 995). The fact that New Ric may have furnished the scaffold from which plaintiff fell "does not automatically give it the authority to control the worksite" (*Walsh v Sweet Assocs.*, 172 AD2d 111, 114, *lv denied* 79 NY2d 755; *see, Smith v Cassadaga Val. Cent. School Dist.*, 178 AD2d 955, 956-957).

New Ric also is not liable under Labor Law § 200 because it did not supervise or control plaintiff's work (*cf., Russin v Picciano & Son, supra*, at 317). With respect to the negligence cause of action, New Ric established that the scaffolding from which plaintiff fell was not improperly constructed or otherwise defective and, thus, that it did not create a dangerous condition or defect that caused plaintiff's injuries (*cf., Macutek v Lansing*, 226 AD2d 964; *Mazzu v Benderson Dev. Co.*, 224 AD2d 1009, 1012). Neither plaintiff nor Ciminelli raised a triable issue of fact in response thereto (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

We further conclude that the court erred in limiting Pyramid's entitlement to recovery of attorney's fees from Ciminelli to those fees incurred "from the time Pyramid tendered its defense". The contract between Pyramid and Ciminelli provides that Ciminelli "shall fully protect, defend indemnify and save harmless [Pyramid] against all liability, judgments, damages, cost and expense, including attorney's fees and costs, arising from any and all such claims relating to the work performed hereunder and to conditions on the site." Pursuant to that provision, Pyramid is entitled to recover *all* reasonable attorney's fees incurred in defense of plaintiff's action.

Finally, Pyramid has appealed from the order only insofar as it limited its entitlement to attorney's fees from Ciminelli. Thus, Pyramid's contention that the court erred in denying that part of the cross motion seeking summary judgment on the cross claim for common-law indemnification from Ciminelli is not properly before us (*see, Sugar Cr. Stores v Pitts*, 198 AD2d 833; *Whittaker v Cohen*, 178 AD2d 941).

We therefore modify the order by granting the cross motion of New Ric for summary judgment dismissing the complaint against it and granting the cross motion of Pyramid insofar as it sought recovery from Ciminelli of all reasonable attorney's fees incurred in defense of plaintiff's action. (Appeals from Order of Supreme Court, Onondaga County, Tormey, III, J.—

Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.