■ WILLIAM KULASZEWSKI et al., Respondents, v CLINTON DISPOSAL SERVICES, INC., et al., Respondents, and RON McMORRIS, Individually and Doing Business as R.J. McMORRIS & SONS, Appellant. (Appeal No. 1.) [707 NYS2d 558] —Order unanimously reversed on the law without costs, motion granted and amended complaint and cross claims against defendant Ron McMorris, individually and d/b/a R.J. McMorris & Sons, dismissed. Memorandum: Defendant Ron McMorris, individually and d/b/a R.J. McMorris & Sons, appeals from an order of Supreme Court denying his motion for summary judgment dismissing the amended complaint and cross claims against him. The court concluded that there is an issue of fact regarding the status of McMorris as a general contractor precluding summary judgment.

William Kulaszewski (plaintiff) fell from scaffolding while he was employed by Edison Contracting Corp. (Edison) at a site owned by defendants Hyman Cohen and Leonard Cohen, and leased to their company, defendant Clinton Disposal Services, Inc. (Clinton). Clinton and McMorris had a contract for the construction of a steel building. Just prior to completion of the building, Clinton entered into a verbal contract with Edison to erect I-beams and a plate wall as support for the building constructed by McMorris. It is undisputed that plaintiff was

supervised at all times by Edison and that all tools and safety equipment were supplied by Edison. McMorris testified that neither he nor any of his employees was present on the site when Edison performed its work.

The court erred in denying that part of the motion of McMorris for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against him. McMorris exercised no supervisory control over plaintiff or Edison's work (*see, Lombardi v Stout,* 80 NY2d 290, 295; *see also, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Rothschild v Faber Homes,* 247 AD2d 889). The court also erred in denying that part of the motion of McMorris for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims against him. Plaintiffs contend that there is an issue of fact whether McMorris was the general contractor and thus liable under those sections. We disagree. A general contractor will be held liable under those sections if it was responsible for coordinating and supervising the entire construction project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors (*see, Relyea v Bushneck,* 208 AD2d 1077). The mere status or designation of general contractor, however, does not establish liability (*see, Krawiecki v Cerutti,* 218 AD2d 323, 326). There is a distinction between a general contractor and a prime contractor for general construction. For example, in *Walsh v Sweet Assocs.* (172 AD2d 111, *lv denied* 79 NY2d 755), the defendant contracted with the State to perform construction work and "was the prime contractor for general construction" (*Walsh v Sweet Assocs., supra,* at 112). The injured plaintiff, an electrician employed by the prime contractor for electrical work, fell while climbing down a tower that had been constructed by the defendant. The Third Department held that the defendant was entitled to summary judgment dismissing the complaint alleging Labor Law violations because, "[g]enerally speaking, the prime contractor for general construction * * * has no authority over the other prime contractors (*see, Nowak v Smith & Mahoney,* 110 AD2d 288) unless the prime contractor is delegated work in such a manner that it stands in the shoes of the owner or general contractor with the authority to supervise and control the work" (*Walsh v Sweet Assocs., supra,* at 113). Here, as in *Walsh,* there was a prime contractor for general construction (McMorris) and a prime contractor (Edison) for the erection of the I-beams and plate wall. McMorris had no control over plaintiff's work and did not have the authority to control the activities of plaintiff or Edison (*see, Walsh v Sweet Assocs., supra,* at 113; *see also, Hornicek v William H. Lane, Inc.,* 265 AD2d 631).

Thus, we reverse the order, grant the motion of McMorris and dismiss the amended complaint and cross claims against him. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.