■ PHILLIP MIANO, Appellant, v STATE UNIVERSITY CONSTRUCTION FUND, Defendant, and D'ANGELO CONSTRUCTION CORP., Respondent. [736 NYS2d 556] —Appeal from an order of Supreme Court, Erie County (Michalek, J.), entered November 2, 2000, which granted the motion of defendant D'Angelo Construction Corp. seeking summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, a student at Buffalo State College (College), commenced this action seeking damages for injuries that he sustained when he tripped on the lip of a pipe while walking on the College campus. D'Angelo Construction Corp. (defendant) had repaired a ruptured water main below the site of the accident approximately four months earlier and, because of wintry weather, had been directed by the State Office of General Services, which was overseeing the repairs, to discontinue its work. Consequently, defendant did not pave or pour concrete in certain areas that had been repaired, including the area where plaintiff fell. At the conclusion of defendant's work, the College conducted regular inspections of the area and placed additional loose stones as needed in the area surrounding the protruding pipe.

Supreme Court properly granted the motion of defendant seeking summary judgment dismissing the amended complaint and cross claims against it. Whatever duty of care defendant owed to plaintiff terminated when the College directed defendant to discontinue its work four months before the accident.

Any liability must be premised upon the duty to warn plaintiff of the allegedly dangerous condition or upon the duty to place loose stones around the pipe during the four-month hiatus in construction, both of which duties were assumed by the College when it took control over the construction area at the conclusion of defendant's work. Without control over the construction area, defendant had no duty with respect to the temporary condition that resulted in plaintiff's accident. In the absence of duty, there can be no liability (*see generally, Pulka v Edelman*, 40 NY2d 781, 782, *rearg denied* 41 NY2d 901). Present—Pigott, Jr., P.J., Pine, Wisner, Burns and Lawton, JJ.