■■■ DANNY R. CHAVEZ et al., Respondents, v JORDAN-ELBRIDGE CENTRAL SCHOOL DISTRICT, Respondent, and BARRY, BETTE & LED DUKE, INC., Appellant. [765 NYS2d 565] —Appeal from an order of Supreme Court, Onondaga County (Major, J.), entered August 26, 2002, which, inter alia, denied the cross motion of defendant Barry, Bette & Led Duke, Inc. for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of plaintiffs' motion for partial summary judgment on liability against defendant Barry, Bette & Led Duke, Inc., granting the cross motion of defendant Barry, Bette & Led Duke, Inc. and dismissing the complaint and cross claims against it and as modified the order is affirmed without costs.

Memorandum: Defendant Barry, Bette & Led Duke, Inc. (BBLD) appeals from an order granting plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1) and § 241 (6) against defendants and denying its cross motion for summary judgment dismissing the complaint and cross claims against it. We agree with BBLD that Supreme Court erred in determining that BBLD is vicariously liable for the injuries sustained by Danny R. Chavez (plaintiff) as the de facto general contractor on the subject project. BBLD established that, pursuant to a standard American Institute of Architects contract between it and defendant Jordan-Elbridge Central School District (School District), BBLD was the prime contractor for general construction on the project. BBLD further established that, at the time of his fall from a ladder, plaintiff was an employee of Hendler Electric, which had been hired by the School District as the prime contractor for electrical work. Hendler Electric was not a subcontractor of BBLD. "There is a distinction between a general contractor and a prime contractor for general construction * * * because, '[g]enerally speaking, the prime contractor for general construction * * * has no authority over the other prime contractors'" (*Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855, 856 [2000], quoting *Walsh v Sweet Assoc.*, 172 AD2d 111, 113 [1991], *lv denied* 79 NY2d 755 [1992]). BBLD established that, at most, it assumed some authority related to the scheduling and coordination of the various contractors. There is nothing in this record to indicate that BBLD assumed "authority to control the activity bringing about the injury" (*Nowak v Smith &*

*Mahoney,* 110 AD2d 288, 289 [1985]). We therefore modify the order by denying that part of plaintiffs' motion for partial summary judgment on liability against BBLD, granting the cross motion of BBLD and dismissing the complaint and cross claims against it. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.