# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**257**

**CA 15-01322**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

WILLIAM J. NICHOLAS AND JOANN NICHOLAS,
PLAINTIFFS-RESPONDENTS,

V                                      MEMORANDUM AND ORDER

WAL-MART STORES, INC.,
DEFENDANT-RESPONDENT-APPELLANT,
MLB CONTRACTORS, INC., DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR
DEFENDANT-APPELLANT.

O'CONNOR, O'CONNOR, BRESEE & FIRST, P.C., ALBANY (CAROL E. CRUMMEY OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeals from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 29, 2015. The order, inter alia, granted in part the motion of defendant Wal-Mart Stores, Inc. for summary judgment with respect to the Labor Law § 200 claim and common law negligence cause of action against it and denied the motion of defendant MLB Contractors, Inc. for summary judgment dismissing the complaint and any cross claims against it.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: We affirm for reasons stated in the decision at Supreme Court. We write only to note that, "[w]here, as here, the worker's injuries result from a dangerous condition at the work site rather than from the manner in which the work is performed, the general contractor or owner 'may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and [has created or has] actual or constructive notice of the dangerous condition' " (*Steiger v LPCiminelli, Inc.*, 104 AD3d 1246, 1248). Here, there is no dispute that defendant MLB Contractors, Inc. did not create the dangerous condition, but we conclude that it failed to meet its initial burden of establishing with respect to the common-law negligence cause of action and the Labor Law § 200 claim against it that it did not have control over the work site, or that it lacked actual or constructive notice of the allegedly dangerous condition

(*see Carrasco v Weissman*, 120 AD3d 531, 533; *see also Bannister v LPCiminelli, Inc.*, 93 AD3d 1294, 1295).

Entered:  March 25, 2016                                              Frances E. Cafarell
                                                                     Clerk of the Court