Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered October 14, 2016. The order denied the motion of defendant Oakgrove Construction, Inc., for summary judgment dismissing the complaint against it.
 

 It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Oakgrove Construction, Inc. is dismissed.
 

 Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while working in the median of the New York State Thruway. The New York State Thruway Authority (Authority) hired defendant Oakgrove Construction, Inc. (Oakgrove) to work on the thruway, including repaving a section thereof, and the Authority hired defendant Foit-Albert Associates, Architecture, Engineering and Surveying, P.C. (Foit-Albert) to inspect Oakgrove’s work. Foit-Albert subcontracted some of that work to plaintiff’s employer. Oakgrove began to perform drainage and clearing work in August 2010, but suspended the work in late November for the winter shutdown period. Oakgrove removed all of its equipment and employees from the work site, and all lanes of the thruway in the area of the proposed construction were opened. Before suspending its work, Oak-grove noted that some of the elevation measurements provided by the Authority were incorrect. Foit-Albert, whose contract with the Authority stated that its inspection responsibilities also included surveying, assigned plaintiff to take new measurements, including during Oakgrove’s winter construction hiatus. In December, plaintiff was taking those measurements when a vehicle operated by defendant Drew Robertson left the roadway and struck him. Plaintiff commenced this action, asserting claims under Labor Law §§ 200 and 241 (6) as well as a common-law negligence cause of action against Oakgrove.
 

 Supreme Court erred in denying Oakgrove’s motion seeking summary judgment dismissing the complaint against it. Addressing first the claim under Labor Law § 241, we note that, while under that statute “owners and general contractors are generally absolutely liable for statutory violations . . . , other parties may be liable under th[at] statute [ ] only if they are acting as the ‘agents’ of the owner or general contractor by virtue of the fact that they had been given the authority to supervise and control the work being performed at the time of the injury” (Walsh v Sweet Assoc., 172 AD2d 111, 113 [3d Dept 1991], lv denied 79 NY2d 755 [1992]; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 [1981]; Giovanniello v E.W. Howell, Co., LLC, 104 AD3d 812, 813 [2d Dept 2013]). “The owner or general contractor is not synonymous with the prime contractor . . . Generally speaking, the prime contractor for general construction (especially in State construction projects) has no authority over the other prime contractors . . . unless the prime contractor is delegated work in such a manner that it stands in the shoes of the owner or general contractor with the authority to supervise and control the work” (Walsh, 172 AD2d at 113; see Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856 [4th Dept 2000]).
 

 Here, Oakgrove and Foit-Albert were both prime contractors, and plaintiff’s employer contracted only with Foit-Albert. Oakgrove did not supervise or instruct plaintiff. Rather, plaintiff reported to a supervisor at Foit-Albert. Oakgrove established as a matter of law that it had no control over plaintiff or the work he was performing, and plaintiff failed to raise a triable issue of fact (see Kulaszewski, 272 AD2d at 856; Greenleaf v Bristol-Myers Squibb Co., 231 AD2d 902, 903 [4th Dept 1996]). Plaintiff’s reliance on the fact that Oakgrove provided GPS units for plaintiff to use is misplaced inasmuch as “[t]he determinative factor on the issue of control is not whether a [contractor] furnishes equipment but[, rather, is] whether [it] has control of the work being done and the authority to insist that proper safety practices be followed” (Everitt v Nozkowski, 285 AD2d 442, 443-444 [2d Dept 2001]; see Grimes v Pyramid Cos. of Onondaga, 237 AD2d 940, 940-941 [4th Dept 1997]). Here, there is nothing in the record to indicate that Oakgrove had such control over plaintiff’s work, and the court therefore should have dismissed the Labor Law § 241 (6) claim against Oakgrove.
 

 We further agree with Oakgrove that it established that it did not have control over the work site at the time of plaintiff’s accident, and plaintiff failed to raise a triable issue of fact. Thus, the court should have dismissed the Labor Law § 200 claim and common-law negligence cause of action against Oakgrove (see Miano v State Univ. Constr. Fund, 291 AD2d 830, 830-831 [4th Dept 2002]; Fenton v Monotype Sys., 289 AD2d 194, 194 [2d Dept 2001]; see generally Steiger v LPCiminelli, Inc., 104 AD3d 1246, 1248 [4th Dept 2013]). Furthermore, Oakgrove also established that it did not create or have actual or constructive notice of the dangerous condition of the work site, thereby establishing an additional ground for dismissal of that claim and cause of action against it (see generally Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; Gloria v MGM Emerald Enters., 298 AD2d 355, 356 [2d Dept 2002]), and plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
 

 In light of our determination, we do not address Oakgrove’s remaining contentions on appeal.
 

 Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.