Lacey v Lancaster Dev. (2021 NY Slip Op 02691)





Lacey v Lancaster Dev.


2021 NY Slip Op 02691


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


966 CA 19-02272

[*1]PATRICIA A. LACEY, PLAINTIFF-APPELLANT-RESPONDENT,
v
LANCASTER DEVELOPMENT AND TULLY CONSTRUCTION CO., LLC, DEFENDANT-APPELLANT, AND SAUNDERS CONCRETE CO., INC., DEFENDANT-RESPONDENT. 






COUGHLIN & GERHART, LLP, BINGHAMTON (KEITH A. O'HARA OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
LAW OFFICES OF JOHN WALLACE, SYRACUSE (MICHELLE M. DAVOLI OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANTACROSE & FRARY, ALBANY (KEITH M. FRARY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeals from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered December 3, 2019. The order granted the motion of defendant Saunders Concrete Co., Inc. for summary judgment dismissing the complaint against it and granted in part and denied in part the motion of defendant Lancaster Development and Tully Construction Co., LLC for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part the motion of defendant Saunders Concrete Co., Inc. and reinstating the first cause of action against that defendant and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action to recover damages for injuries that she sustained while working on a construction site. Defendant Saunders Concrete Co., Inc. (Saunders) moved for summary judgment dismissing the complaint against it, and defendant Lancaster Development and Tully Construction Co., LLC (Lancaster) moved for summary judgment dismissing the complaint and all cross claims against it. Plaintiff appeals from an order insofar as it granted Saunders's motion in its entirety, and Lancaster appeals from the same order insofar as it denied in part Lancaster's motion.
Plaintiff contends on her appeal that Supreme Court erred in granting Saunders's motion in its entirety. We agree. As an initial matter, plaintiff has abandoned any opposition to the dismissal of the Labor Law § 200 cause of action against Saunders (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Nevertheless, even where Labor Law § 200 does not apply because a defendant lacked the authority to supervise and control the plaintiff's work or the work site, a defendant "may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury" (Burns v Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1433-1434 [4th Dept 2015] [internal quotation marks omitted]; see Allington v Templeton Found., 167 AD3d 1437, 1440 [4th Dept 2018]). Even assuming, arguendo, that Saunders met its initial burden on its motion, we conclude that plaintiff raised a triable issue of fact whether Saunders created the hazardous concrete slurry condition in which plaintiff allegedly fell (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Witnesses testified that plaintiff slipped in slurry and that, although Lancaster had set up designated washout areas to contain the slurry and prevent it from creating a hazardous condition on the work site, Saunders employees routinely failed to comply with that protocol, causing [*2]slurry to be deposited by the roadside. Furthermore, although the concrete by the area where plaintiff fell had been poured seven days before the incident, witnesses testified that slurry takes up to five days to harden in dry weather and longer if it rains. To the extent that Saunders established through its expert affidavit that any slurry it created in that area would have hardened by the day of the accident, plaintiff raised an issue of fact through the affidavit of her own expert (see Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019]; Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]). Therefore, we modify the order by denying that part of the motion of Saunders seeking summary judgment dismissing the common-law negligence cause of action against it and reinstating that cause of action.
We reject Lancaster's contention on its appeal that the court erred in denying its motion in part. As an initial matter, because the parties agree that the accident is alleged to have occurred as a result of a dangerous condition on the premises, the court's determination that Lancaster did not supervise or control plaintiff's work is irrelevant (see Perry v City of Syracuse Indus. Dev. Agency, 283 AD2d 1017, 1017 [4th Dept 2001]; see generally Hargrave v LeChase Constr. Servs., LLC, 115 AD3d 1270, 1271-1272 [4th Dept 2014]). Rather, in order to establish its entitlement to judgment as a matter of law under plaintiff's theory, Lancaster had the burden of establishing either that it lacked control over the area where she was injured or that it lacked actual or constructive notice of the dangerous condition (see generally Burns, 130 AD3d at 1434; Hargrave, 115 AD3d at 1272). Where plaintiff is able to establish such notice and control, defendant's "status as a prime contractor is not dispositive" (Mitchell v T. McElligott, Inc., 152 AD3d 928, 929 [3d Dept 2017]; cf. Knab v Robertson, 155 AD3d 1565, 1566-1567 [4th Dept 2017]). Here, Lancaster's own evidentiary submissions created questions of fact with respect to control and notice (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Several witnesses testified that Lancaster exercised continuing control over the site where plaintiff was injured (cf. Knab, 155 AD3d at 1566-1567). Lancaster employees oversaw the pouring and finishing of concrete in that area, directed Saunders's delivery drivers from the moment they arrived on site, and, upon the completion of the drivers' work, were responsible for directing them to the designated washout areas. Furthermore, Lancaster maintained a continuing presence in the area of the accident through the date of the accident. With respect to constructive notice, one witness testified that she walked through the area where plaintiff fell earlier in the day, observed slurry in that location, and almost slipped in it (see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court