Clifton v Collins (2022 NY Slip Op 00780)





Clifton v Collins


2022 NY Slip Op 00780


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


991 CA 20-01486

[*1]PRESTON. CLIFTON, PLAINTIFF-RESPONDENT, 
v
THOMAS P. COLLINS, DEFENDANT, AND KURT KILIAN, INDIVIDUALLY AND DOING BUSINESS AS KILIAN CONSTRUCTION, DEFENDANT-APPELLANT. 






OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY P. DIPALMA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHIACCHIA & FLEMING, LLP, HAMBURG (DANIEL J. CHIACCHIA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered November 6, 2020. The order, insofar as appealed from, denied those parts of the motion of defendant Kurt Kilian, individually and doing business as Kilian Construction, seeking summary judgment dismissing the Labor Law §§ 200, 240 (1) and 241 (6) claims against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion of defendant Kurt Kilian, individually and doing business as Kilian Construction, seeking summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims against him and the Labor Law § 200 claim against him insofar as it is premised on the method and manner of the work performed, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell down a stairwell while installing cable outlets during a home construction. Defendant Thomas P. Collins was the owner of the home and defendant Kurt Kilian, individually and doing business as Kilian Construction, was a contractor on the project. Kilian moved for summary judgment dismissing the complaint and all cross claims against him, and he now appeals from those parts of an order that denied those parts of his motion seeking summary judgment dismissing plaintiff's claims against him under Labor Law §§ 200, 240, and 241.
We agree with Kilian that, because he was a prime contractor, not a general contractor, Supreme Court erred in denying those parts of his motion seeking to dismiss the claims against him premised on violations of Labor Law §§ 240 (1) and 241 (6). "There is a distinction between a general contractor and a prime contractor for general construction" (Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856 [4th Dept 2000]). "A general contractor will be held liable under [Labor Law §§ 240 (1) and 241 (6)] if it was responsible for coordinating and supervising the entire construction project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" (id.; see Relyea v Bushneck, 208 AD2d 1077, 1078-1079 [3d Dept 1994]). Here, Collins, not Kilian, hired plaintiff's employer to perform work on the project, and Kilian established through the documentary evidence and deposition testimony that he exercised no control or supervision over plaintiff's work and had no authority to enforce safety standards against plaintiff (see Walsh v Sweet Assoc., 172 AD2d 111, 113-114 [3d Dept 1991], lv denied 79 NY2d 755 [1991]). Thus, Kilian established as a matter of law that he was not a general contractor subject to liability pursuant to Labor Law §§ 240 (1) or 241 (6), and plaintiff failed to raise a triable issue of fact (see Knab v Robertson, 155 AD3d 1565, 1566 [4th Dept 2017]; Kulaszewski, 272 AD2d at 856). We therefore modify the order [*2]accordingly.
We likewise conclude that Kilian established on his motion that he is entitled to dismissal of the Labor Law § 200 claim against him to the extent that claim is premised on the theory that he controlled the method and manner of plaintiff's work, and plaintiff failed to raise a triable issue of fact (see Jones v County of Erie, 121 AD3d 1562, 1563 [4th Dept 2014]). We therefore further modify the order accordingly. However, to the extent that the section 200 claim against Kilian is based on the theory that he was negligent with respect to the dangerous condition of the stairwell, we conclude that Kilian failed to establish as a matter of law that he did not have control over the work site or that he lacked actual or constructive notice of the dangerous condition, i.e., the unguarded, open stairwell (see Knab, 155 AD3d at 1567; Nicholas v Wal-Mart Stores, Inc., 137 AD3d 1733, 1734 [4th Dept 2016]). In his deposition testimony, Kilian acknowledged that it was his obligation to put up a safety railing around the open stairwell to protect anyone that may be on the site, and he further testified that there were no safety railings around the stairwell. Inasmuch as Kilian failed to meet his burden in that regard, we do not consider the adequacy of plaintiff's opposing submissions (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Schultz v Alamo Group Inc., 192 AD3d 1630, 1631-1632 [4th Dept 2021]).
We do not address Kilian's contention that the court erred in denying that part of his motion seeking dismissal of the common-law premises liability claim against him. Kilian's notice of appeal states that he appeals from only those parts of the order denying his motion with respect to the Labor Law §§ 200, 240 and 241 claims against him, and thus any contention regarding any other part of the order is not properly before us (see Casey v Niagara Mohawk Power Corp., 269 AD2d 775, 777 [4th Dept 2000]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court