Verdugo v Fox Bldg. Group, Inc. (2023 NY Slip Op 03998)

Verdugo v Fox Bldg. Group, Inc.

2023 NY Slip Op 03998

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

286 CA 22-00014

[*1]JOEL VERDUGO, PLAINTIFF-APPELLANT,
v
FOX BUILDING GROUP, INC., HINSDALE ROAD GROUP, LLC, CNY BOOM TRUCK, LLC, CBD CONSTRUCTION, LLC, AND CAMERON GROUP, LLC, DEFENDANTS-RESPONDENTS. 

DOLCE PANEPINTO, P.C., BUFFALO (SEAN COONEY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID M. KATZ OF COUNSEL), FOR DEFENDANT-RESPONDENT FOX BUILDING GROUP, INC.
BURKE, SCOLAMIERO & HURD, LLP, ALBANY (STEVEN V. DEBRACCIO OF COUNSEL), FOR DEFENDANT-RESPONDENT HINSDALE ROAD GROUP, LLC.
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT CNY BOOM TRUCK, LLC. 
SMITH, DOMINELLI & GUETTI, LLC, ALBANY (CHRISTOPHER A. GUETTI OF COUNSEL), FOR DEFENDANT-RESPONDENT CBD CONSTRUCTION, LLC. 

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered November 24, 2021. The order, among other things, denied plaintiff's motion for summary judgment and granted those parts of defendants' motions seeking summary judgment dismissing plaintiff's Labor Law § 240 (1) causes of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of defendants' motions seeking summary judgment dismissing the Labor Law § 240 (1) causes of action against defendants Hinsdale Road Group, LLC, CBD Construction, LLC, and Fox Building Group, Inc., and reinstating those causes of action against those defendants and as modified the order is affirmed without costs.
Memorandum: In this action pursuant to, inter alia, Labor Law § 240 (1), plaintiff seeks to recover damages for injuries he sustained when he fell while installing roof trusses on a building as part of a commercial construction project. On the day of the accident, the roof trusses were raised two at a time by a crane to plaintiff, a carpenter whose duties included securing the trusses to the frame of the building, approximately 13 to 14 feet above the ground, while wearing a body harness with a four-foot-long lanyard. Plaintiff was injured after the crane cable became entangled with a truss, which was unsecured and upon which plaintiff was standing, causing the truss and plaintiff to fall to the ground. Plaintiff moved for summary judgment on, inter alia, the issue of certain defendants' liability under Labor Law § 240 (1), and defendants filed separate motions seeking, inter alia, summary judgment dismissing the complaints against them. As limited by his brief, plaintiff appeals from an order insofar as it denied plaintiff's motion with respect to the issue of three defendants' liability under Labor Law § 240 (1) and insofar as it granted defendants' motions with respect to the Labor Law § 240 (1) causes of action against four defendants.
We agree with plaintiff that Supreme Court erred in granting those parts of defendants' motions with respect to the Labor Law § 240 (1) causes of action against defendants Hinsdale Road Group, LLC (Hinsdale), CBD Construction, LLC (CBD), Fox Building Group, Inc. (Fox), and CNY Boom Truck, LLC (CNY), on the ground that plaintiff was the sole proximate cause of his injuries because defendants failed to meet their initial burden on their motions to that extent. To establish a sole proximate cause defense, a defendant must demonstrate that the plaintiff "(1) had adequate safety devices available, (2) knew both that the safety devices were available and that [they were] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had they not made that choice" (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020] [internal quotation marks omitted]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]). In evaluating such a defense, "[i]t is well settled that the failure to follow an instruction by an employer or owner to avoid unsafe practices does not constitute a refusal to use available, safe and appropriate equipment" (Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403-1404 [4th Dept 2015]) and does not "render [a] plaintiff the sole proximate cause of [their] injuries" (Schutt v Bookhagen, 186 AD3d 1027, 1029 [4th Dept 2020], appeal dismissed 36 NY3d 939 [2020]; see generally Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1228 [3d Dept 2015]). Further, a "plaintiff's decision to employ one method of performing a necessary task, even if a safer method existed, constitute[s] nothing more than comparative fault that is not a defense under the statute" (Szymkowiak v New York Power Auth., 203 AD3d 1618, 1619 [4th Dept 2022] [internal quotation marks omitted]).
In support of their motions, defendants submitted the deposition testimony of the project foreman and another carpenter on the project, who testified that plaintiff was instructed on the correct way to use his harness and lanyard—i.e., by tying his lanyard off only to those trusses that had already been nailed down and braced—and that plaintiff had been corrected when he had previously used them improperly on a job. However, defendants also submitted the deposition testimony of plaintiff, who testified that he did not receive specific training on how to use the harness and lanyard or any instructions regarding the removal of the crane cable. Plaintiff further testified that he used his regular method of performing his work on the day of the accident, i.e., standing on and attaching his lanyard to the unsecured truss prior to bracing and nailing the truss to the structure. He explained that he proceeded in that manner because it was faster than attaching his lanyard only to trusses that had already been nailed to the frame and braced, he was able to more easily reach the trusses despite his short lanyard, and it was safe as long as the cable held the trusses in place. Furthermore, both the foreman and the crane operator testified at their depositions that they did not observe plaintiff using his lanyard incorrectly on the day of the accident. Plaintiff also testified at his deposition that another carpenter detached the crane cable from the truss and then gave the signal for the crane operator to raise the crane cable out of the way while plaintiff was attached or in the process of attaching his lanyard to the unsecured truss, which he believed remained connected to the crane cable. The foregoing evidence raises triable issues of fact whether an adequate safety device was readily available that plaintiff knew that he was expected to use "but for no good reason chose not to do so, causing an accident," and whether plaintiff would not have been injured had he not made that choice (Gallagher v New York Post, 14 NY3d 83, 88 [2010]; see Martin v Niagara Falls Bridge Commn., 162 AD3d 1604, 1606 [4th Dept 2018]). We therefore modify the order by denying those parts of defendants' motions seeking summary judgment dismissing the Labor Law § 240 (1) causes of action against Hinsdale, CBD, and Fox and reinstating those causes of action against those defendants (see generally Doe v Westfall Health Care Ctr., 303 AD2d 102, 114 [4th Dept 2002]; Bald v Westfield Academy & Cent. School, 298 AD2d 881, 882-883 [4th Dept 2002]).
CNY alternatively contends that the court did not err in granting its motion with respect to plaintiff's Labor Law § 240 (1) cause of action against it because it is not an owner or general contractor and, therefore, it is not liable. Initially, "[a]lthough the court did not address [that] issue[] in its decision, [CNY] properly raises [it] on appeal as [an] alternative ground[] for affirmance" (Arista Dev., LLC v Clearmind Holdings, LLC, 207 AD3d 1127, 1129 [4th Dept 2022] [internal quotation marks omitted]; see Melgar v Melgar, 132 AD3d 1293, 1294 [4th Dept 2015]). Furthermore, we agree with CNY that the court should have granted its motion with respect to the Labor Law § 240 (1) cause of action against it on that ground. "[U]nless a defendant has supervisory control and authority over the work being done when the plaintiff is injured, there is no statutory agency conferring liability under the Labor Law" (Walls v Turner Const. Co., 4 NY3d 861, 864 [2005]; see Knab v Robertson, 155 AD3d 1565, 1565-1566 [4th Dept 2017]; Krajnik v Forbes Homes, Inc., 120 AD3d 902, 903-904 [4th Dept 2014]). "[T]he [*2]determinative factor on the issue of control is not whether a [contractor] furnishes equipment but[, rather, is] whether [it] has control of the work being done and the authority to insist that proper safety practices be followed" (Knab, 155 AD3d at 1566 [internal quotation marks omitted]). Here, CNY, which was undisputedly not an owner or a general contractor, established as a matter of law that it had no control over plaintiff or the work he was performing, and plaintiff failed to raise a triable issue of fact in opposition (see id.; Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856 [4th Dept 2000]).
Plaintiff further contends that the court erred in denying his motion for summary judgment with respect to liability on his Labor Law § 240 (1) causes of action against Hinsdale, CBD, and Fox. For the same reasons discussed above, we conclude that plaintiff failed to establish his entitlement to judgment as a matter of law in that respect inasmuch as there are triable issues of fact whether plaintiff was the sole proximate cause of the accident (see generally Thomas v North Country Family Health Ctr., Inc., 208 AD3d 962, 963-964 [4th Dept 2022]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court