Prevost v Associated Materials, LLC (2025 NY Slip Op 03398)

Prevost v Associated Materials, LLC

2025 NY Slip Op 03398

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

38 CA 24-01165

[*1]DAKOTA PREVOST, PLAINTIFF-APPELLANT,
v
ASSOCIATED MATERIALS, LLC, ET AL., DEFENDANTS, AND CREEKSIDE RENOVATIONS, LLC, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 

KENNY & KENNY, PLLC, SYRACUSE (HEIDI M.P. HYSELL OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JAMES J. GASCON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered January 26, 2024. The order granted the motion of defendant Creekside Renovations, LLC for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a homeowner's roof while working for C & M Renovations (C & M). Defendant Quad-Tech Home Solutions, Inc. (Quad-Tech) entered into a contract with the homeowner to construct and frame an addition to the home and to perform roofing on the addition and the rest of the home. Quad-Tech hired defendant Creekside Renovations, LLC (Creekside) to perform the new construction and hired C & M to perform the remaining roofing. In appeal No. 1, plaintiff appeals from an order that granted Creekside's motion for summary judgment dismissing plaintiff's complaint against it on the ground, inter alia, that Creekside was not a general contractor for the purposes of Labor Law §§ 240 (1) or 241 (6) and thus could not be held liable for plaintiff's injury.
In appeal No. 2, plaintiff purports to appeal from a "letter decision and order" that denied plaintiff's motion for, inter alia, partial summary judgment on the issue of liability against Creekside with respect to Labor Law §§ 240 (1) and 241 (6). At the outset, we dismiss the appeal in appeal No. 2. "[N]o appeal lies from a [mere] decision," and a document does not become an order simply because it has been denominated as such (Garcia v Town of Tonawanda, 194 AD3d 1479, 1479 [4th Dept 2021]; see Pino v Harnischfeger, 42 AD3d 980, 982 [4th Dept 2007]; Kuhn v Kuhn, 129 AD2d 967, 967 [4th Dept 1987]). Although the letter contains the words "so ordered," it does not meet the essential elements of an order. In particular, it does not "recite the papers used on the motion" (CPLR 2219 [a]).
In appeal No. 1, plaintiff contends that Creekside was a general contractor for the purpose of liability under Labor Law §§ 240 (1) and 241 (6) and not only a prime contractor (see Walsh v Sweet Assoc., 172 AD2d 111, 113 [3d Dept 1991], lv denied 79 NY2d 755 [1992]). We reject that contention and affirm. "There is a distinction between a general contractor and a prime contractor for general construction . . . A general contractor will be held liable under [Labor Law §§ 240 (1) and 241 (6)] if it was responsible for coordinating and supervising the entire construction project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" (Clifton v Collins, 202 AD3d 1476, 1477 [4th Dept 2022] [internal quotation marks omitted]; see Knab v Robertson, 155 AD3d 1565, 1566 [4th Dept 2017]). A prime contractor, however, has no liability "under Labor Law §§ 240 or 241 for [*2]injuries caused to the employees of other contractors with whom they are not in privity of contract," as long as the prime contractor "has not been delegated the authority to oversee and control" those workers' activities (Giovanniello v E.W. Howell, Co., LLC, 104 AD3d 812, 813 [2d Dept 2013]; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Knab, 155 AD3d at 1566). Critically, it is the actual authority and responsibility to coordinate, supervise, enforce, and hire that is dispositive — "[t]he mere status or designation of general contractor . . . does not establish liability" (Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856 [4th Dept 2000]).
Creekside met its initial burden on its motion by demonstrating that it was a prime contractor for general construction of the home addition, not a general contractor subject to liability pursuant to Labor Law §§ 240 (1) or 241 (6), and had not been delegated authority to oversee and control (see Clifton, 202 AD3d at 1477; Knab, 155 AD3d at 1566; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The evidence submitted by Creekside established that it had no control over the work being done by plaintiff and no authority, delegated or otherwise, to coordinate and control the activities of C & M or its employees. Plaintiff's opposing submissions failed to raise a triable issue of fact and instead plaintiff in his affidavit conceded that C & M alone supervised and directed his work.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court